UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATHAN CAMPOS,<br><br>    Plaintiff,<br><br>v.<br><br>BIG FISH GAMES, INC., a Washington corporation, et al.,<br><br>    Defendant. | Case No. C22-1806-RSM<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTIONS TO COMPEL AND DENYING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER** |

## I.  INTRODUCTION

This matter comes before the Court on Plaintiff Nathan Campos ("Mr. Campos")'s Motions to Compel Responses to Interrogatories and Production of Documents, Dkt. ##55-56, and Defendant Big Fish Games, Inc. ("Big Fish")'s Motion for a Protective Order. Dkt. #66.

## II.  BACKGROUND

Big Fish is a developer and distributor of casual games for computers and mobile devices. Dkt. #51. Mr. Campos and the putative class are individual gamers who have engaged with games created by Big Fish and who have made in-game purchases. Dkt. #24.

Mr. Campos brings this proposed class action against Big Fish for violations of FTC regulations, alleging that Big Fish engaged in unfair business practices by advertising in-game

ORDER GRANTING IN PART PLAINTIFF'S MOTIONS TO COMPEL AND DENYING
DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

items such as virtual chips or virtual gold, using misleading sale offers that included false comparisons to the purported non-sale values and misleading countdown timers that reset endlessly. *Id*.

Mr. Campos filed a Second Amended Complaint on September 22, 2022, in the Central District of California against Big Fish and its parent companies, Aristocrat Leisure Ltd. ("ALL") and Aristocrat Technologies, Inc. ("ATI") as a putative class action. Dkt. #24. The district court dismissed all claims against ALL and ATI without prejudice for lack of personal jurisdiction and transferred the case to this district. Dkt. ##32-33.

The instant Motions deal with Mr. Campos' attempts to obtain data on putative class members' activities in the games created by Big Fish, documents and source code showing the operation of the presentation and purported acceptance of Big Fish's terms of use to putative class members, contact information for putative class members, as well as information relating to other potential defendants. Dkt. ##55-56.

### III.   ANALYSIS

#### a. Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*. If the requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The Court has broad discretion to decide whether to compel disclosure of discovery. *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). The party that resists discovery

ORDER GRANTING IN PART PLAINTIFF'S MOTIONS TO COMPEL AND DENYING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER
2

has the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.1975). The Court must nonetheless temper the frequency or extent of discovery if it determines that "the burden or expense of discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

### b. First Motion to Compel

On March 27, 2023, Mr. Campos served Big Fish with the first set of Interrogatories and Requests for Production, the following of which are the subject of the first Motion to Compel:

> **Interrogatory No. 4**: Describe, on a user-by-user basis, the in-game purchases made in the Games by each consumer in the United States that were advertised using stricken coin values or a countdown timer, including the date, user's location, amount of in-game currency received by the user, amount paid for each such purchase, each such users' first login date, and each such users' last login date.
>
> **Interrogatory No. 6**: Provide the name and contact information of each user of the Games in the United States that made an in-game purchase, including without limitation each user's email address, phone number, mailing address and game identifier.
>
> **RFP No. 14**: DOCUMENTS sufficient to show in-game purchases made by each consumer in the United States of Big Fish Casino that were advertised as being on sale, including the date, location, amount of in-game currency and amount paid for each such purchase.
>
> **RFP No. 15**: DOCUMENTS sufficient to show in-game purchases made by each consumer in the United States of Jackpot Magic Slots that were advertised as being on sale, including the date, location, amount of in-game currency and amount paid for each such purchase.
>
> **RFP No. 16**: DOCUMENTS sufficient to show in-game purchases made by consumers in the United States of the Games that were not advertised using strikethrough graphics, including the date, location and amount paid for each such purpose.
>
> **RFP No. 18**: Documents, including source code, related to the presentation of the screen in which Big Fish contends players of Big Fish Casino and Jackpot Magic Slots manifested an intent to accept Big Fish's Terms of Use.

ORDER GRANTING IN PART PLAINTIFF'S MOTIONS TO COMPEL AND DENYING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

> **RFP No. 29**: DOCUMENTS sufficient to show the number of users that visited the website of Big Fish's terms of service.
>
> **RFP No. 30**: DOCUMENTS sufficient to show the number of users that visited the website of Big Fish's terms of service.
>
> **RFP No. 31**: Server logs for https://www.bigfishgames.com/us/en/company/terms.html.
>
> **RFP No. 32**: DOCUMENTS and data related to Big Fish's user activities in the Games, including the location of each user, the date each user began playing, the date each user last logged in, the dates of each user's in-game purchases, the identity of items or bundles bought with each user's purchase, the advertisements presented in connection with each purchase and the dollar amount spent for each purchase.
>
> **RFP No. 34**: DOCUMENTS sufficient to show the name and contact information of each user of the Games in the United States that made an in-game purchase, including without limitation email address, phone number and mailing address.

Dkt. #57-1.

Mr. Campos asserts that he needs the above information for three reasons: 1) to show which putative class members started playing the games after the *Kater* settlement; 2) to determine if any of the in-game purchases were made in connection with the false advertising; and 3) to obtain information regarding the mechanics by which the terms of use were presented to game users. Dkt. #55. Big Fish contends that these requests are overbroad and unnecessary because Big Fish possesses and has produced specific information to enumerate the users who could potentially form part of a class. Further, Big Fish raises privacy concerns regarding Mr. Campos' request for users' personal information, arguing that the personal information being sought does not only raise privacy concerns but is also not required until after a class is ascertained. Dkt. #77.

**Requests for Users' Personal Information and Purchase History: Interrogatory No. 4 and Request for Production Nos. 14-16, 29, and 32**

The information and documents sought in these requests relate to putative class members' activities in the games and include personal user data such as user log-in information and

ORDER GRANTING IN PART PLAINTIFF'S MOTIONS TO COMPEL AND DENYING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

4

purchases made in the games. Mr. Campos argues that users' personal information regarding purchases and login information is necessary in order to determine which "purchases were made in connection with the false advertising at issue." Dkt. #55 at 3. Big Fish argues that these requests are overbroad and irrelevant and that they ultimately violate the privacy interests of individuals. Dkt. #77 at 8.

The Court finds this information relevant for discovery purposes. The entire basis of this litigation involves in-app purchases made in connection with false advertising. The opportunity to review information from potentially harmed individuals renders Interrogatory No. 4, and RFP Nos. 14-16, 29, and 32 reasonably calculated to lead to the discovery of admissible evidence. The Court does not find this request to be burdensome since Mr. Campos has offered to limit the scope of discovery to purchases made after February 2021, so as to include only those purchases made after approval of the *Kater* settlement. Dkt. #57-7 at 2.

**Request for Source Code: Request for Production Nos. 18, 30, and 31**

These requests relate to Big Fish's source code. Mr. Campos states the source code is necessary to determine if there are any new possible class members, to assess any potential issues with the presentation of the Terms of Use ("TOU"), and to determine if the database may have provided false positives (e.g., have someone appear as if they assented to the TOU even though they never agreed). Big Fish's objections to the request are largely grounded in concerns about relevance, burden, and proportionality.

Rule 34(a) requires a party to produce any relevant documents or electronically stored information within the "responding party's possession, custody, or control." A party seeking to compel the production of a source code must demonstrate that it is relevant and necessary to the action. *See in re Apple AT&T Antitrust Litig.*, 2010 WL 1240295 (N.D. Cal. Mar. 26, 2010).

ORDER GRANTING IN PART PLAINTIFF'S MOTIONS TO COMPEL AND DENYING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

The Court further considers the totality of the circumstances, weighing the value of the material sought against the burden of providing it. *See In re Anonymous Online Speakers*, 661 F.3d 1168 (9th Cir. 2011).

Mr. Campos is not automatically entitled to review Big Fish's source code based on his allegations. Mr. Campos' contention that the database might produce false positives is speculative at best. Courts dealing with a similar issue agree that mere speculation is not sufficient to compel a party to produce their source code. *See U.S. v. Owens*, 18 F.4th 928, 937 (7th Cir. 2021). Rather, additional evidence is required to demonstrate that a system was prone to fail or that it had a history of yielding false positives. *See U.S. v. Chiaradio*, 684 F.3d 265 (1st Cir. 2012) (denial of defendant's motion to compel source code during discovery was proper because the defendant was unable to present evidence that showed that the source code did or could have rendered false positives); *see also U.S. v. French*, 2010 WL 1141350 (D. Nev. Mar. 22, 2010) (finding that a party seeking to obtain source code in hopes of finding that the source code shows defects or anomalies is not enough to compel a party to produce their source code). Mr. Campos has failed to provide any evidence that a defect or anomaly in the code exists or may exist that would render a request for the source code a reasonable request. The Court finds that source code review is unreasonable and disproportionate in light of the narrow issues being disputed. Thus, the Court denies this request.

**Request for Putative Class Members' Contact Information: Interrogatory No. 6 and Request for Production No. 34**

Mr. Campos seeks to obtain contact information for putative class members to establish the commonality of the putative class and to assist in the analysis of whether a subclass of consumers exists. Dkt. #55 at 11. Big Fish objects to these requests, arguing that the requests

ORDER GRANTING IN PART PLAINTIFF'S MOTIONS TO COMPEL AND DENYING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

seek irrelevant and overbroad discovery and that such requests violate the privacy interests of individuals. Dkt. #77; Dkt. #66 at 10-11.

"The Supreme Court has recognized the importance of permitting class counsel in Rule 23 actions to communicate with potential class members for the purpose of gathering information, even prior to class certification." *Wellens v. Daiichi Sankyo Inc.*, 2014 WL 969692 at *2 (N.D. Cal. Mar. 5, 2014) (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102-03 (1981)). When evaluating requests for the identifying information of putative class members, the Court looks to "whether [the] Plaintiff seeks information relevant to his claims." *Mendis v. Schneider Nat'l Carriers Inc.*, 2016 WL 11261497 at *2 (W.D. Wash. May 11, 2016). The Court notes that disclosure of customer "names, addresses, and telephone numbers is a common practice in the class action context." *Weidenhamer v. Expedia, Inc.*, 2015 WL 715812 at *4 (W.D. Wash. Nov. 13, 2015) (citing *Wigele v. Fedex Ground Package Sys.*, 2007 WL 628041, at *2 (S.D. Cal. Feb. 8. 2007). Where a plaintiff can show that the contact information being sought is both relevant and necessary, disclosure is granted. *See Brawner v. Bank of Am., N.A.*, 2014 WL 6845504, at *3 (N.D. Cal. Dec. 4, 2014) (disclosure of contact information was proper because Plaintiff was able to show "that the putative class members' identities and contact information [were] necessary to her class-certification motion, and [were] likely to substantiate her class allegations."); *McCowen v. Trimac Transp. Serv. (Western), Inc.*, 2015 WL 5184473 at *4 (N.D. Cal. Sept. 4, 2015) (disclosure was proper because McCowen established that the class list would help her establish numerosity and typicality); *Converse v. Vizio, Inc.*, 2019 WL 3322383 at *1 (W.D. Wash. July 23, 2019) (disclosure was proper because Plaintiff correctly predicted that Vizio would challenge the typicality of the class and Plaintiff argued that they needed putative class members' information to gather actual evidence to respond to Vizio).

ORDER GRANTING IN PART PLAINTIFF'S MOTIONS TO COMPEL AND DENYING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

Similarly, Mr. Campos seeks putative class member information in order to establish the typicality of the class and to determine if a potential subclass exists. Mr. Campos also has the right to seek evidence to respond to Big Fish's arguments about the lack of typicality or commonality in the putative class. For these reasons, disclosure of putative class members' contact information is proper.

### c. Second Motion to Compel

Mr. Campos' Second Motion to Compel relates to the following Interrogatories and Requests for Production:

> **Interrogatory No 1**: Describe all services or functions provided by all Employees of ALL and ATI to Big Fish with respect to Games, including the identity and title of Employees responsible for performing, approving or overseeing those services or functions.
>
> **Interrogatory No. 2**: Describe every type of action BIG FISH takes that requires ALL's or ATI's approval or authorization, including product development, monetization plan, marketing plan, budget, capital or operating expenditures, entry into a contract, operating plans, long range plans, legal review or approval, entry into an AGREEMENT, or involvement in other business transaction.
>
> **RFP No. 4**: DOCUMENTS sufficient to show the identity, title and job function of each person employed by Big Fish or its parents or subsidiaries that work on or contribute to in-game advertising of each of the Games.
>
> **RFP No. 8**: Documents sufficient to show the identity, location and role of each Employee of Big Fish, its parents or subsidiaries who participated in the development, publishing, marketing, distribution, financial oversight, legal review or operation of the Games.
>
> **RFP No. 9**: All DOCUMENTS sufficient to show actions Big Fish takes that require the approval or authorization of one or more employee of a parent of Big Fish, including product development, monetization, marketing, budget, capital or operating expenditures, entry into a contract, operating plans, long range plans, legal review, entry into an AGREEMENT, or involvement in other business transaction.
>
> **RFP No. 35**: All communications with Aristocrat Leisure Ltd. regarding the use of strikethrough graphics in the Games for the advertisement of in-game purchases.
>
> **RFP No. 36**: All communications with Aristocrat Technologies, Inc. regarding the use of strikethrough graphics in the Games for advertisement of in-game purchases.

ORDER GRANTING IN PART PLAINTIFF'S MOTIONS TO COMPEL AND DENYING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

**RFP No. 37**: All communications with Aristocrat Leisure Ltd. regarding the use of countdown timers in the Games for the advertisement of in-game purchases.

**RFP No. 38**: All communications with Aristocrat Technologies, Inc. regarding the use of countdown timers in the Games for the advertisement of in-game purchases.

Mr. Campos contends that this discovery is required to determine whether additional Defendants, including Aristocrat Leisure Limited ("ALL") and Aristocrat Technologies ("ATI"), should be added as Defendants to this case and what claims, if any, may be alleged against them. Dkt. #56 at 2. Big Fish opposes and argues that discovery related to ALL and ATI should not be allowed because both entities were previously dismissed from the case. Dkt. #80. However, the record shows that the Central District of California dismissed all claims against ALL and ATI without prejudice, Dkt. #32, at 7, meaning that Plaintiff is free to bring a subsequent suit based on the same grounds as the dismissed claim. *Semtek Intern Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-6 (2001). For this reason, discovery as to Big Fish's parent companies, ALL and ATI will be allowed.

### d. Motion for a Protective Order

In a separate Motion for a Protective Order, Big Fish seeks to bar the discovery of all Interrogatories and Requests for Production included in Mr. Campos' Motions to Compel. Dkt. #66. Big Fish makes no new arguments in this Motion and reiterates the points made in its responses to Mr. Campos' Motions to Compel. Additionally, Big Fish does not seek to redact portions of discovery or limit the method of discovery. Rather, it seeks to bar discovery on these requests altogether. Having already addressed the above discovery requests in-depth, the Court denies Big Fish's Motion for a Protective Order.

//

//

ORDER GRANTING IN PART PLAINTIFF'S MOTIONS TO COMPEL AND DENYING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

## IV. CONCLUSION

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion to Compel Responses to Interrogatories and Production of Documents, Dkt. #55, is GRANTED IN PART and DENIED IN PART, Plaintiff's Second Motion to Compel Responses and Interrogatories, Dkt. #56, is GRANTED, and Defendant's Motion for a Protective Order, Dkt. #66, is DENIED.

DATED this 2nd day of August, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE