UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATHAN CAMPOS,<br><br>　　　Plaintiff,<br><br>　v.<br><br>BIG FISH GAMES, INC., a Washington corporation,<br><br>　　　Defendant. | Case No. 2:22-cv-01806-RSM<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DENY CLASS CERTIFICATION |

## I.　INTRODUCTION

This matter comes before the Court on Defendant Big Fish Games, INC. ("Big Fish")'s Motion for an Order Denying Class Certification, Dkt. #62. Plaintiff has opposed the Motion. The Court has fully considered the Motion and the supporting and opposing memoranda, together with the attached declarations. The Court finds that the circumstances here do not meet the requirements for class certification, and for the reasons set forth below, shall GRANT Defendant's Motion and deny class certification with leave for Plaintiff to amend his First Amended Complaint.

## II.　BACKGROUND

Plaintiff, Nathan Campos is a citizen and resident of Los Angeles County, California, who downloaded the mobile application games Big Fish Casino and Jackpot Magic Slots (collectively

ORDER - 1

"Games") from the Apple App Store in this District. Dkt. #24. Plaintiff brings this suit as a class action on behalf of himself and other similarly situated individual gamers. *Id.* Defendant Big Fish is a mobile gaming company that operates the social casino-style games. Dkt. #62.

Plaintiff alleges that Defendant has engaged in deceptive business practices that deploy false and misleading advertising practices in an effort to illegally profit from consumers. Dkt. #24. Specifically, Plaintiff alleges that Defendant has falsely advertised price discounts and sales for in-game purchases to mislead and induce customers into making in-game purchases.

In 2020, millions of players of the Games entered a class action settlement in *Kater v. Churchill Downs, Inc.*, No. 15-cv-00612 (W.D. Wash.). Dkt. #62. As part of that settlement, the court approved a release of all claims arising from the purchase of virtual chips in the games.

Defendant, in its Motion, argues that Plaintiff lacks standing to present his arguments because he does not meet the typicality and adequacy requirements of Rule 23(a) for class certification. Dkt. #62. Specifically, Plaintiff lacks standing because (1) he opted out of the arbitration clause, and (2) he was not a member of the *Kater* class and therefore not subject to the class release.

### III. ANALYSIS

1. **Plaintiff Does Not Adequately Establish Standing**

    a. **Legal Standard**

The requirements for certification of a class action are found in Rule 23(a), which states:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

ORDER - 2

F.R.Civ.P. 23(a). These are commonly referred to as the numerosity, commonality, typicality, and adequacy requirements.

Pursuant to Article III of the U.S. Constitution, standing is a necessary component of subject matter jurisdiction." *In re Palmdale Hills Prop., LLC*, 654 F.3d 868, 873 (9th Cir. 2011). To satisfy this requirement, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000). When a plaintiff lacks standing, dismissal under Federal Rule of Civil Procedure 12(b)(1) is appropriate. *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011); *Walsh v. Microsoft Corp.*, 63 F. Supp. 3d 1312, 1317–18 (W.D. Wash. 2014).

### b. Plaintiff cannot represent a putative class that includes members who did not opt out of the arbitration agreement.

Defendant argues that because Plaintiff is seeking to represent a class that includes individuals who are subject to arbitration provisions, of which he opted out, Plaintiff has no personal interest in litigating the enforceability of those provisions. Dkt. #62. The Court agrees.

Plaintiff does not dispute that the alleged classes contain persons who are parties to Defendant's arbitration agreement and concedes that he himself is not a party to that agreement. Dkt. #75. Under existing Ninth Circuit law, a class cannot be certified if it includes persons who entered into agreements to arbitrate their claims and to waive their right to participate in a class action with regard to those claims. *See O'Connor v. Uber Technologies, Inc.*, 904 F.3d 1087, 1094 (9th Cir. 2018); *Lawson v. Grubhub, Inc.*, 13 F.4th 908 (9th Cir. 2021). Plaintiff cannot satisfy the

ORDER - 3

requirements in Rule 23(a) because he is neither typical of the class nor an adequate representative.

Because Plaintiff has no standing to challenge the applicability or enforceability of the arbitration provisions, the Court does not address arguments as to whether the class waiver provisions are unenforceable at this time.

### 2. Plaintiff cannot represent a Putative Class that includes members who are subject to the *Kater* Settlement Release

Plaintiff argues that interpreting the scope of the *Kater* release is a pure question of law that may be decided without considering the issue of standing. Dkt. #75. Defendant, however, argues that like his challenge to the enforceability of the arbitration agreement, Plaintiff lacks standing to challenge the enforceable scope of the *Kater* release. Dkt. #85. For the same reasons above, the Court agrees.

Plaintiff does not dispute that he is seeking to represent persons who are parties to the *Kater* release, nor does he dispute that he is not a party to that release. Dkt. #75. Since Plaintiff lacks standing to litigate issues regarding the *Kater* release, he is in no position to raise arguments about the scope of that release.

### 3. Leave to Amend

Plaintiff requests leave to amend the First Amended Complaint in the event the Court finds he lacks standing. *See* Dkt. #75. A "court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2). Courts apply this policy with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Five factors are commonly used to assess the propriety of granting leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has

ORDER - 4

previously amended the complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *Foman v. Davis*, 371 U.S. 178, 182 (1962). In conducting this five-factor analysis, the court must grant all inferences in favor of allowing amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). In addition, the court must be mindful of the fact that, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988).

The Court finds that the deficiencies with the First Amended Complaint can possibly be cured by amendment. Weighing all the above factors, leave to amend will be granted.

## IV.   CONCLUSION

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS:

1) Defendant's Motion to Deny Class Certification, Dkt. #62, is GRANTED.

2) Plaintiff's request for leave to amend the First Amended Complaint is GRANTED. Plaintiff shall have thirty (30) days to file an amended complaint. If Plaintiff fails to do so, the Clerk shall issue a Scheduling Order in this matter and Plaintiff shall proceed individually.

DATED this 12th day of September, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE