UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATHAN CAMPOS and JANET GARVEY,<br><br>      Plaintiffs,<br><br>    v.<br><br>BIG FISH GAMES, INC., a Washington corporation, *et al.*,<br><br>      Defendants. | Case No. C22-1806-RSM<br><br>ORDER GRANTING MOTION TO DISMISS |

## I. INTRODUCTION

This matter comes before the Court on Defendants Big Fish Games, Inc. and Product Madness, Inc. (collectively, "Defendants")' Motion to Dismiss. Dkt. #116. Plaintiff Janet Garvey opposes the Motion. Dkt. #125. For the reasons set forth below, the Court GRANTS Defendants' Motion to Dismiss.

## II. BACKGROUND

The facts of this case are well-known from this Court's prior Order. *See* Dkt. #112. The Court limits the following facts from Plaintiffs' Fourth Amended Complaint ("4AC") to those pertaining to Defendants' Motion.

ORDER GRANTING MOTION TO DISMISS - 1

In 2015, the *Kater* case was filed in this District, alleging that the Games were illegal gambling games and bringing user claims for violations of WCPA RCW 4.24.070 and other statutory and common law claims. As part of the approved class action settlement, class members agreed to release all claims, accrued or not, that arise out of or relate to actions relating to the Games' operations or the sale of virtual coins or chips, such as claims that the Games are illegal gambling games and that the coins or chips are "things of value." Class members also stipulated that these virtual coins or chips are not things of value, and members were estopped from this contention. The settlement also released claims as to Defendant Big Fish Games and its successors, assigns, and corporate affiliates. Plaintiff Garvey was a class member in the *Kater* settlement.

In Plaintiffs' Third Amended Complaint, Plaintiff Garvey alleged under Washington's RCW 2.24.070 that Defendants' "online gambling games are illegal gambling games because they are online games at which players wager things of value (the chips/coins) and by an element of chance . . . are able to obtain additional entertainment and extend gameplay[.]" Dkt. #92 at 30-32. On June 3, 2024, the Court dismissed this claim with leave to amend, finding that Plaintiff Garvey's claims asserted the exact issues and facts as those estopped by the *Kater* settlement. Dkt. #112 at 9. Though Plaintiff Garvey attempted to argue that Defendants were in breach of the Kater settlement agreement, the Court found that Plaintiffs' Third Amended Complaint was "devoid of sufficient detail for this Court to determine how Defendants' current game mechanics violate the settlement's terms that users do not have to wait for free chips in the ordinary course of events or purchase new chips to continue play." *Id*.

Plaintiffs now bring this claim again in the 4AC. Dkt. #113. Plaintiffs allege that, "[f]or most of the games of chance within the Games," players continue to be materially delayed and disrupted through gameplay being stopped by running out of coins, then being prompted to watch

ORDER GRANTING MOTION TO DISMISS - 2

a one-minute advertisement, purchase coins, exit the game currently being played, or close out a series of pop-up advertisements. *Id*. at 16-17.

### III. DISCUSSION

#### A. Legal Standard

Rule 12(b)(6) allows for dismissal of a complaint due to a plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal may "be based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). The complaint must "contain factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[,]' requiring more than "an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

When considering a 12(b)(6) motion, the court takes well-pleaded factual allegations as true and views them in a light most favorable to the plaintiff. *See Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 125 F.3d 658, 661 (9th Cir. 1998). The court does not have to take presented legal conclusions as factual allegations or accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences[.]" See *Iqbal*, 556 U.S. at 678; *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "Dismissal without prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." *Creech v. Tewalt*, 84 F.4 777, 789 (9th Cir. 2023) (quoting *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).

//

//

//

## B. Analysis

Defendants argue that Plaintiff Garvey's third cause of action should, again, be dismissed because Plaintiff Garvey continues to fail to provide any information showing that Defendants' games are not in compliance with the *Kater* settlement.

Plaintiff Garvey continues to argue that she has provided sufficient information for this Court to find, taking all reasonable inferences in her favor, that Defendants are not complying with the settlement agreement. Plaintiff Garvey alleges that she "reasonably construes" the Kater settlement terms such that this Court should find in her favor. Dkt. #125 at 8.

However, taking all reasonable inferences in Plaintiff Garvey's favor, the Court disagrees. As Plaintiff Garvey argues, the *Kater* settlement required Defendants to allow players to continue to play games within Defendants' applications without requiring additional chip purchases or waiting periods for free additional chips in the ordinary course. *Id*. "Specifically," the *Kater* settlement states, "players who run out of chips will be able to continue to play *at least one game within the Application they are playing that is similar in kind to other games within the Application*." *Id*. (emphasis added). Plaintiff Garvey construes this provision to mean that Defendants must "allow users to play the Games continuously and without material interruption." *Id*.

The Court agrees but finds Plaintiff Garvey's interpretation overbroad. While allowing for continuous play without coin purchase or obtaining free coins in the "ordinary course," the *Kater* settlement provides that players will be able to continuously play "at least one game within the Application they are playing that is similar in kind to other games within the Application." *Id*. The Court fails to see how this provision means that players are guaranteed continuous play within every game in the applications but rather that they are guaranteed to be able to continue

ORDER GRANTING MOTION TO DISMISS - 4

play in at least one, similar game. Plaintiffs' allegations in the 4AC fail to provide sufficient detail for this Court to reasonably infer that players cannot continue play within the applications.

Moreover, as Defendants point out, the 4AC includes a screenshot "conceding that a player in this situation could either continue playing the mini-game that they are playing simply by lowering their bet amount, or could choose to play another similar slots-style mini-game with a lower minimum bet amount." Dkt. #116 at 8. Again, taking all reasonable inferences in Plaintiff's favor, the Court cannot infer from Plaintiff's provided facts and allegations that Defendants provide no means for continuous play. Therefore, the Court shall dismiss Plaintiff Garvey's third cause of action with prejudice.

## CONCLUSION

Having reviewed the relevant briefings and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion to Dismiss Plaintiff Janet Garvey's Third Claim for Relief, Dkt. #116, is GRANTED. Plaintiff's third cause of action is dismissed with prejudice.

DATED this 9th day of October, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO DISMISS - 5