UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATHAN CAMPOS, *et al.*, <br><br>        Plaintiffs, <br><br>   v. <br><br>BIG FISH GAMES, a Washington corporation, *et al.*, <br><br>        Defendants. | Case No. C22-1806-RSM <br><br> ORDER GRANTING MOTION TO EXCLUDE EXPERT MUHAMMAD KAHN |

This matter comes before the Court on Defendants' Motion to Exclude the Expert Testimony of Muhammad Khan, Dkts. #177 and #183 (sealed). Plaintiffs oppose the Motion. Dkt. #194. The Court has determined that it can rule without oral argument.

Federal Rule of Evidence 702 provides that a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

    (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
    (b) the testimony is based on sufficient facts or data;
    (c) the testimony is the product of reliable principles and methods; and
    (d) the expert has reliably applied the principles and methods to the facts of the case.

ORDER GRANTING MOTION TO EXCLUDE
EXPERT MUHAMMAD KAHN- 1

Under Rule 702, the trial court acts as a gatekeeper and ensures that the proffered scientific testimony meets certain standards of both relevance and reliability before it is admitted. *See Daubert v. Merrell Dow Pharm., Inc. ("Daubert I")*, 509 U.S. 579, 590 (1993). The party proffering expert testimony has the burden of showing the admissibility of the testimony of a preponderance of the evidence. *See id*. at 592 n.10. "[J]udges are entitled to broad discretion when discharging their gatekeeping function" related to the admission of expert testimony. *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150-53 (1999)). The Court considers four factors to determine if expert testimony will assist the trier of fact: "(i) whether the expert is qualified; (ii) whether the subject matter of the testimony is proper for the jury's consideration; (iii) whether the testimony conforms to a generally accepted explanatory theory; and (iv) whether the probative value of the testimony outweighs its prejudicial effect." *Scott v. Ross*, 140 F.3d 1275, 1285-86 (9th Cir. 1998).

As an initial matter, the Court must determine whether a witness is qualified as an expert by "knowledge, skill, experience, training or education." Fed. R. Evid. 702. Because the Rule "contemplates a *broad conception* of expert qualifications," only a "*minimal foundation* of knowledge, skill, and experience" is required. *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1015-16 (9th Cir. 2004) (emphasis in original) (quoting *Thomas v. Newton Int'l Enters.*, 42 F.3d 1266, 1269 (9th Cir. 1994)). A "lack of particularized expertise goes to the weight of [the] testimony, not its admissibility." *United States v. Garcia*, 7 F.3d 885, 890 (9th Cir. 1993) (citing *United States v. Little*, 753 F.2d 1420, 1445 (9th Cir. 1984)); *see also Daubert v. Merrell Dow Pharm., Inc. ("Daubert II")*, 43 F.3d 1311, 1315 (9th Cir. 1995).

The trial court must also ensure that the proffered expert testimony is reliable. Generally, to satisfy Rule 702's reliability requirement, "the party presenting the expert must show that the

expert's findings are based on sound science, and this will require some objective, independent validation of the expert's methodology." *Daubert II*, 43 F.3d at 1316. Toward this end, the Supreme Court in *Daubert I* set forth the following factors for the trial court to consider when assessing the reliability of proffered expert testimony: (1) whether the expert's method, theory, or technique is generally accepted within the relevant scientific community; (2) whether the method, theory, or technique can be (and has been) tested; (3) whether the method, theory, or technique has been subjected to peer review and publication; and (4) the known or potential rate of error of the method, theory, or technique. *See Daubert I*, 509 U.S. at 593-94. An expert opinion is reliable if it is based on proper methods and procedures rather than "subjective belief or unsupported speculation." *Id.* at 590. The test for reliability "'is not the correctness of the expert's conclusions but the soundness of his methodology.'" *Stilwell v. Smith & Nephew, Inc.*, 482 F.3d 1187, 1192 (9th Cir. 2007) (quoting *Daubert II*, 43 F.3d at 1318).

Alternative or opposing opinions or tests do not "preclude the admission of the expert's testimony – they go to the *weight*, not the admissibility." *Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1231 (9th Cir. 1998). Furthermore, "'[d]isputes as to the strength of [an expert's] credentials, faults in his use of [a particular] methodology, or lack of textual authority for his opinion, go to the weight, not the admissibility, of his testimony.'" *Id.* (quoting *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1044 (2d Cir. 1995)).

Finally, the Court must ensure that the proffered expert testimony is relevant. As articulated in Rule 702, expert testimony is relevant if it assists the trier of fact in understanding evidence or in determining a fact in issue. *See Daubert I*, 509 U.S. at 591. Thus, the party proffering such evidence must demonstrate a valid scientific connection or "fit" between the evidence and an issue in the case. *See id.* Expert testimony is inadmissible if it concerns factual issues within the knowledge and experience of ordinary lay people because it would not assist

ORDER GRANTING MOTION TO EXCLUDE
EXPERT MUHAMMAD KAHN- 3

the trier of fact in analyzing the evidence. In the Ninth Circuit, "[t]he general test regarding the admissibility of expert testimony is whether the jury can receive 'appreciable help' from such testimony." *United States v. Gwaltney*, 790 F.2d 1378, 1381 (9th Cir. 1986). Because unreliable and unfairly prejudicial expert witness testimony is not helpful to the trier of fact, the trial court should exclude such evidence. *See Jinro Am., Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 1004 (9th Cir. 2001). Likewise, expert testimony that merely tells the jury what result to reach is inadmissible. *See* Fed. R. Evid. 704, Advisory Committee Note (1972); *see also, e.g.*, *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994) ("When an expert undertakes to tell the jury what result to reach, this does not *aid* the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.").

First, Defendants challenge Khan's qualifications as an expert opining on damages models in this case. Dkt. #177 at 3-5. Plaintiffs contend that Kahn "is undoubtedly qualified as a financial analyst and accountant" to provide an expert opinion for the "very limited purpose[]" on "whether certain damages models . . . can be measured for class members using Defendants' financial data." Dkt. #194 at 2.

Khan's CV indicates that he has a Secondary School Certificate, a "Higher" School Certificate, and accounting certifications and charters, and he has years of experience as a financial analyst in banking and real estate. Dkt. #163. His declaration states that he has "over 20 years of experience as a financial analyst" and is "currently the Head of Investment at Building Communities Initiative, a real estate developer located in Australia." *Id*. at ¶¶ 2-3. For his work, he analyzes investment opportunities for hotels, resorts, and government affordable housing projects," and he has prior experience with investment banks doing "comprehensive financial analysis in a variety of industries." *Id*. at ¶ 3. He has provided expert testimony in two prior

Case 2:22-cv-01806-RSM    Document 198    Filed 11/10/25    Page 5 of 6

cases, which involved banking and real estate under Islamic law. *Id*. at ¶ 5; Dkt. #177 at 3 (citing Khan deposition).

The Court agrees with Defendants. Plaintiffs offer no evidence of specific training, experience, or specialized knowledge Khan has that is relevant to his damages models examination in this case. Merely stating that Kahn is "undoubtedly qualified" because he works as a "financial analyst and accountant" is conclusory and insufficient to qualify Khan as an expert witness. *See Myrick v. U.S. Saws, Inc.*, No. C11-1837Z, 2013 WL 766192, at *3-4 (W.D. Wash. Feb 28, 2013) (finding a witness with a mechanical engineering degree and years of experience in the field unqualified without further information). Plaintiffs are not required to show that Khan has the *exact* specialized expertise to answer the issues here, but Plaintiffs do have the burden to show by a preponderance of the evidence that he is qualified based on his knowledge, skill, experience, training, and/or education for this Court to find him an expert with a reliable or appreciably helpful opinion for a jury. Furthermore, Khan stating in his deposition that his expert declaration was "all drafted by" Plaintiffs' counsel raises serious credibility and reliability questions that Plaintiffs do not respond to. *See* Dkt. #182-1, Ex. A, at 38:11-17 ("Q. Did you write this declaration? A. No. It was drafted by Mr. Andrew. Q. Did you write any partt of this declaration? Or was it all drafted by Mr. Ryan? A. No. I did not draft anything, but it was my opinion where – as I said earlier, incorporated in my declaration.") and 42:12-14 ("Q. Okay. So what parts of this declaration, if any, contain sentences that you yourself wrote? A. No. It's all drafted by Mr. Ryan."); *see also* Fed. R. Civ. P. 26(a)(2)(B) (expert witness must provide "a written report—prepared and signed by the witness"). Given all of the above, the Court finds that Plaintiffs have failed to show that Khan is qualified as an expert in this case. Accordingly, the Court will grant Defendants' Motion.

ORDER GRANTING MOTION TO EXCLUDE
EXPERT MUHAMMAD KAHN- 5

Having considered the instant Motion, declarations and attached exhibits, responsive briefings, and the remainder of the docket, the Court hereby finds and ORDERS that Defendants' Motion to Exclude Expert Testimony of Muhammad Khan, Dkts. #177 and #183, is GRANTED.

DATED this 10th day of November, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE