UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NATHAN CAMPOS, et al.,

    Plaintiffs,

v.

BIG FISH GAMES, INC., et al.,

    Defendants.

Case No. C22-1806-RSM

ORDER GRANTING MOTIONS TO SEAL

    This matter comes before the Court on Plaintiffs' Motion to Seal, Dkt. #153, and Defendants' Motion to Seal, Dkt. #174.  Plaintiffs' Motion requests to seal "certain portions of Plaintiffs' Motion for Class Certification . . ., certain portions of the Declaration of Muhammad Anwar Kahan in Support of Plaintiffs' Motion for Class Certification[,] and Exhibits 5-9, 11-23, 25-37[,] and 40-83 to the Declaration of Andrew Ryan in Support of Plaintiffs' Motion for Class Certification[.]"  This Motion was filed concurrently with Plaintiffs' Motion for Class Certification, Dkt. #154.  Defendants' Motion requests to seal redacted portions of Defendants' opposition to Plaintiffs' class certification motion, Defendants' Motion to Exclude Expert Khan, the Declaration of Dr. Stephanie Plancich, Exhibits G and T to the Declaration of Kevin Hoogstraten supporting Defendants' opposition, and Exhibit 1 to Hoostraten's Declaration in support of excluding Khan.  Dkt. #174 at 1.  Defendants also request sealing in their entirety

ORDER GRANTING MOTIONS TO SEAL - 1

Exhibits C and J-Q to their Opposition Declaration and Exhibit 4 to their Rule 702 Declaration. *Id*.

"There is a strong presumption of public access to the court's files." Local Rule 5(g). The Court's Local Rules explicitly instruct the parties to present legal and evidentiary support in a motion to seal. Normally, that motion must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary." Local Rule 5(g)(3)(B). However:

> Where parties have entered a litigation agreement or stipulated protective order (see LCR 26(c)(2)) governing the exchange in discovery of documents that a party deems confidential, a party wishing to file a confidential document it obtained from another party in discovery may file a motion to seal but need not satisfy subpart 3(B) above. Instead, the party who designated the document confidential must satisfy subpart 3(B) in its response to the motion or in a stipulated motion.

Local Rule 5(g)(3). A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal citations omitted).

In their Response, Defendants note that Exhibits 12, 18, and 35 to the Declaration of Andrew Ryan, Dkt. #155, are not referenced in Plaintiff's Motion and argue that these should be stricken. Dkt. #169 at 4; Dkt. #170, Hoogstraten Decl., ¶ 9. Defendants also argue that Exhibits 5-9, 11, 13-17, 19-23, 25-34, 36-37, and 40-83 should remain under seal because they contain confidential financial and strategy information. Dkt. #169 at 5-8. The Court agrees, and these will remain under seal.

Defendants also state that the parties only discussed sixty-eight documents being filed under seal during their meet-and-confer on December 23, 2025, not seventy-five documents as have been filed. *Id*. at 2; Dkt. #170 at ¶ 3. Defendants state that "Plaintiffs made no attempt to meet and confer with Defendants regarding the additional seven documents, and did not inform

ORDER GRANTING MOTIONS TO SEAL - 2

Defendants of their intent to file the additional documents before filing the Motion. *Id*. at 2; Dkt. #170 at ¶ 8. The parties do not note which of the seventy-five exhibits were or were not discussed during the meet-and-confer. Because the parties failed to confer on these seven exhibits and the Court cannot determine which exhibits are which, the Ryan Declaration will remain under seal. *See* LCR 5(g). Furthermore, it appears that Plaintiffs' Motion for Class Certification, Dkt. #154, and Kahn Declaration, Dkt. #156, have been filed under seal mostly for referencing the Ryan Declaration Exhibits. Accordingly, these will remain under seal.

On Defendants' Motion to Seal, Dkt. #174, they request certain redacted portions of their motions, oppositions, and declarations, as well as some exhibits, be filed under seal for containing non-public financial, sales strategy, and proprietary information. The Court agrees and will grant this Motion.

Having reviewed the instant Motion, the relevant briefings, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Plaintiffs' Motion to Seal, Dkt. #153, is GRANTED.

(2) Defendants' Motion to Seal, Dkt. #174, is GRANTED.

(3) The parties must meet and confer regarding the exhibits to the Ryan Declaration, Dkt. #155, and notify the Court in a joint submission of which seven exhibits were not previously discussed and any further updates, including any effects on other current filings, **by November 21, 2025**.

DATED this 10th day of November, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE